# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY ARNOLD YOUNG,**

       **Plaintiff,**

**v.**                                    **Civil Action No. 3:06cv110**
                                                 **(Judge Bailey)**

**DOMINIC A. GUTIERREZ, SR., S.I.S. TECH**
**KOVSCEK AND WAYNE S. WORKMAN,**

       **Defendants.**

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

This case is before the Court on the plaintiff's Motion for Immediate Injunctive Relief filed on November 1, 2006, and his Motion for Preliminary Injunction filed on April 23, 2007.

In support of his first motion, the plaintiff requests an injunction preventing Defendant Workman from threatening to write the plaintiff an incident report or to have him locked in the Special Housing Unit. The plaintiff further requests that Defendant Workman be prevented from "busting into the law library and hollering in [plaintiff's] ear in front of everyone in the library."

In support of his second motion, the plaintiff requests a general order against staff at FCI-Morgantown preventing them from retaliating against him. For example, the plaintiff asserts that he was written a false incident report in retaliation for "filing" against a member of food service personnel. Moreover, the plaintiff asserts that staff has confiscated certain property and failed to return it. Finally, the plaintiff asserts that staff refused to allow him a drink of water to wash down some medication.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis

set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

> (2) the likelihood of harm to the defendant if the requested relief is granted,

> (3) the likelihood that the plaintiff will succeed on the merits, and

> (4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. <u>Id.</u> The required harm "must be neither remote nor speculative, but actual and imminent." <u>Id.</u> (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. <u>Id.</u> (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." <u>Id.</u> (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an injunction does not issue. Moreover, the plaintiff's requests are generally vague and encompass

various types of behavior on the part of the defendants. Thus, were the Court to grant the plaintiff the requested injunctive relief, the defendant's ability to do their jobs would be significantly hampered and their authority significantly undermined. Therefore, the harm to the defendants if the plaintiff's request were granted would be significant. Finally, the plaintiff has not established a likelihood that he will succeed on the merits of his claims or that the public interest would best be served by the Court's granting of his request. Accordingly, the undersigned recommends that the plaintiff's motions for injunctive relief (dckts. 9 and 19) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: May 23, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE