FILED
JUL 2 5 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

LARRY ARNOLD YOUNG,

    Plaintiff,

v.                                                Civil Action No. 3:06cv110
                                                (Judge Bailey)

DOMINIC A. GUTIERREZ, SR., S.I.S. TECH
KOVSCEK AND WAYNE S. WORKMAN,

    Defendants.

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR EMERGENCY INJUNCTIVE RELIEF

The *pro se* plaintiff initiated this case on October 19, 2006, by filing a civil rights complaint against the above-named defendants. On November 17, 2006, the plaintiff amended his claims.

On May 25, 2007, the undersigned conducted a preliminary review of the plaintiff's claims and issued a Report and Recommendation ("R&R") in which it is recommended that the claims raised in the complaint be dismissed. However, the undersigned also recommended that the plaintiff's amended claims be served on defendants Kovscek and Workman. The undersigned has also issued a R&R in this case in which it is recommended that a request for injunctive relief be denied. Those recommendations have not yet been ruled on by the District Judge. This case is now before the undersigned for a R&R on the plaintiff's renewed request for injunctive relief.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

    (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an injunction does not issue. Moreover, the plaintiff's request is generally vague, and in fact, does not even specify the type of injunctive relief requested. Instead, the plaintiff merely complains of various actions by Bureau staff who are not parties to this action. Were the Court to grant the plaintiff a general injunction based on these complaints, those employees' ability to do their jobs

would be significantly hampered and their authority significantly undermined. Therefore, the harm to the defendants if the petitioner's request is granted would be significant. In addition, the plaintiff has not, nor can he, established a likelihood that he will succeed on the merits of his claims because his claims are clearly not exhausted.[1] Finally, the plaintiff has failed to show how the public interest would best be served by the Court's granting of his request. For these reasons, the undersigned recommends that the plaintiff's renewed motion for injunctive relief (dckt. 27) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk shall mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: July 25, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The alleged actions of the defendants occurred from April 10, 2007 through the present. There has simply not been enough time for the plaintiff to have exhausted these complaints through the Bureau's administrative remedy program. See 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a), 542.18.

3