IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY ARNOLD YOUNG,**

    **Plaintiff,**

v.            Civil Action No. 3:06cv110
                 (Judge Bailey)

**DOMINIC GUTIERREZ, SR.,**
**S.I.S. TECH KOVSCEK AND**
**WAYNE S. WORKMAN,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION
## ON PLAINTIFF'S FOURTH MOTION FOR INJUNCTIVE RELIEF

This civil rights action is before the Court on the plaintiff's *fourth* motion seeking injunctive relief. The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

 (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

 (2) the likelihood of harm to the defendant if the requested relief is granted,

 (3) the likelihood that the plaintiff will succeed on the merits, and

 (4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear

showing" that he will suffer irreparable injury without it.  Id.  The required harm "must be neither remote nor speculative, but actual and imminent."  Id. (citations and internal quotation omitted).  If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted.  Id. (citation omitted).  If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation."  Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted).  However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required."  Id. (citation omitted).

The plaintiff has been advised of the requirements for issuing injunctive relief on numerous occasions during the pendency of his case.  Despite such information, the plaintiff continues to seek injunctive relief for behavior unrelated to the issues raised in the complaint, against individuals not a party to this action, or for events not first exhausted through administrative remedies.  With his latest motion, the plaintiff again fails to establish that he will suffer irreparable harm if an injunction does not issue.  Moreover, the plaintiff fails to establish a likelihood that he will succeed on the merits of his claims.  Accordingly, the undersigned recommends that the plaintiff's fourth motion for injunctive relief (dckt. 48) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections shall also be submitted to the Honorable John Preston Bailey, United States

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE