# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY ARNOLD YOUNG,**

      **Plaintiff,**

v.                                                                 Civil Action No. 3:06cv110
                                                                           (Judge Bailey)

**DOMINIC A. GUTIERREZ, SR.,**
**S.I.S. TECH KOVSCEK AND**
**WAYNE WORKMAN,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The *pro se* plaintiff initiated this case on October 19, 2006, by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff asserts that the defendants violated his constitutional rights when they illegally confiscated his personal property, tampered with his commissary account, and wrote a false incident report.

On November 17, 2006, the plaintiff filed an amended complaint in which he complains that he suffered ant bites while in the Special Housing Unit ("SHU"), that the ant bites were not treated, that he suffered an injury to his right ear as a result of the defendants banging on his cell door and that he broke a rib when he fell across the sharp edge of a homemade bed frame.

On May 25, 2007, the undersigned conducted a preliminary review of the complaint and amended complaint. In the ensuing report and recommendation ("R&R"), the undersigned recommended that the plaintiff's claims against defendant Gutierrez be dismissed with prejudice, as well as, all the claims raised in the original complaint. The undersigned further recommended that the plaintiff's amended claims be served upon the remaining defendants. The R&R was adopted

in its entirety by the District Judge on August 15, 2007.

On December 12, 2007, the remaining defendants (Kovscek and Workman) filed a Motion to Dismiss, or Motion for Summary Judgment. In support of their motion, the defendants assert that the plaintiff's claims are not exhausted and/or that he fails to state a claim for relief.

On January 7, 2008, the plaintiff filed his response in opposition to the defendants' motion to dismiss. In his response, the plaintiff supplies additional support for his claims that the defendants improperly fired him from his commissary job, illegally froze funds in his commissary account and fabricated an incident report against him.

This case is before the undersigned for a Report and Recommendation on the defendants' Motion to Dismiss or for Summary Judgment.

## II. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the

---

[1] Id.

Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

    1. <u>Ant Infestation/Ant Bites/Failure to Treat Ant Bites</u>

Here, the plaintiff sent an administrative remedy to the Regional Office on July 11, 2006, without first filing a complaint at the institutional level. <u>See</u> Defendants' Memorandum (dckt. 44-2), Ex. 1 at Att. B. In pertinent part, that remedy complained of an ant problem in the SHU and the plaintiff's need for medical treatment of ant bites. <u>Id.</u> On July 17, 2006, the plaintiff's remedy was received by the Regional Office. <u>Id.</u> However, because the issues raised in the remedy were not sensitive, the remedy was rejected by the Regional Office for not following the proper procedures. <u>Id.</u> In the rejection notice, the plaintiff was advised to first file his claims at the institutional level, before filing an appeal to the Regional Office. <u>Id.</u> The plaintiff did not file any further remedies with regard to an ant infestation in the SHU, ant bites or the failure to treat ant bites. <u>Id.</u> at Att. C. Accordingly, the plaintiff's claims with regard to an ant infestation in the SHU and the failure to treat ant bites are not exhausted. However, the plaintiff asserts that he should not be required to exhaust administrative remedies in this case because doing so would be futile.

Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. <u>See</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); <u>Ziemba v. Wezner</u>, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); <u>Aceves v. Swanson</u>, 75 Fed.Appx. 295, 296 (5th Cir. 2003)

(remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison officials' failure to provide him with the necessary appeal forms). Nonetheless, the plaintiff has, in this instance, failed to demonstrate that the administrative process was unavailable to him.

In support of his futility argument, the plaintiff asserts that he verbally informed the SHU officers of the ant infestation. See Plaintiff's Response (dckt. 16) at 1. Moreover, the plaintiff asserts that he hand delivered grievances to the Warden, the Health Services Coordinator and a nurse. Id. The plaintiff asserts that he even showed "them" a dead ant with its head buried under the plaintiff's skin, and the scars he had developed from the ant bites. Id. The plaintiff asserts that his complaints went unheeded. Id. In addition, the plaintiff states generally, that "[t]here is no available administrative remedy for this." Id.

Pursuant to 28 C.F.R. § 542.10, et seq., verbal complaints are not sufficient to establish exhaustion of administrative remedies. See Woodford v. Ngo, supra (proper exhaustion means using all steps the agency holds out, and doing so properly). Moreover, the plaintiff has failed to provide any evidence that he actually delivered grievances to the Warden, Health Services Coordinator, or a nurse. The plaintiff does provide a copy of a grievance to Warden Gutierrez, dated July 11, 2006, which contains complaints of an ant infestation and ant bites, but there is no evidence that Warden Gutierrez ever received such grievance. See Plaintiff's Response (dckt. 16) at Ex. A. The undersigned is also not convinced that these complaints cannot properly be resolved through the

BOP's administrative remedy process. An insect infestation, even in a prison, is surely treatable. In addition, there are certainly medications and treatments for insect bites available in the prison infirmary. Therefore, the BOP should clearly have been given the first opportunity to review these claims. To the extent that the plaintiff simply means to say that the BOP's administrative grievance process is inadequate, that claims is clearly refuted by the record. The plaintiff's administrative remedy history shows that he has filed numerous grievances throughout his incarceration. See Defendants' Memorandum (dckt. 44-2), Ex. 1 at Att. C. Further, that history shows that when properly filed, the plaintiff's administrative grievances have been accepted, investigated and answered. Id.

For all of the above reasons, the plaintiff has failed to exhaust his administrative remedies with regard to his claims of an ant infestation in the SHU, ant bites, and the failure to treat ant bites. In addition, the plaintiff has failed to establish that any of the exceptions to the exhaustion doctrine apply. Therefore, these claims should be dismissed with prejudice.[2]

2. Ear injury

At best, in his complaint of staff harassment dated October 27, 2006, the plaintiff asserts that he incurred damage to his ear as a result of defendant Workman banging on his cell door during the plaintiff's stay in the SHU between June 9, 2006 and July 19, 2006. See Defendants' Memorandum (dckt. 44-2) at Ex. 1, Att. D. However, that remedy was not submitted until after this case was filed. Therefore, it could not have possibly been exhausted prior to the filing of this case as is required under the PLRA. See Porter v. Nussle, 534 U.S. at 524 (because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court).

---

[2] It is now too late for the plaintiff to successfully challenge these issues in the BOP's administrative process. See 28 C.F.R. § 542.14(a).

Therefore, this claim is not exhausted.

Nonetheless, as the defendants note, the plaintiff's claim is also without merit. The plaintiff asserts that his ear was damaged as a result of defendant Workman banging on his cell door. In addition, the plaintiff asserts that the injury occurred on the next to the last day he was in the SHU in July of 2006, which by plaintiff's account, would be July 18, 2006. See Defendants' Memorandum (dckt. 44-2) at Ex. 1, Att. D. However, defendant Workman's employment records show that he was not on duty in the SHU during that time period, after June 12, 2006. Id. at Ex. 2. Accordingly, the plaintiff cannot state a claim for relief against defendant Workman as to this ground, and this claim should be dismissed with prejudice.

    3.    <u>Falling Across Bed Frame</u>

With regard to this claim, the plaintiff asserts:

> When I was released from the special Housing Unit on the 19th day of July, 2006, I was assigned to cubicle B03-002-L. On the 24th day of July[,] I was stripping the base boards and slipped and fell across the sharp edge of the turned up angle iron on the homemade bed and fractured my right rib . . .
> The Warden should never have let them put the thin plastic mattresses in homemade beds and leaving the sharp angle iron exposed . . . My Fourth, Fifth and Eighth United States Constitutional Amendments have been violated by the Warden, S.I.S. Tech. [Kovscek], and Wayne S. Workman.

Plaintiff's Supplement (dckt. 13) at 2.

On September 7, 2006, the plaintiff filed an informal request for resolution with regard to this claim. Plaintiff's Response (dckt. 16) at Ex. D. However, it appears that because the request also contained claims regarding the crushing of pills, the claim was referred to the medical department for response. Id. A review of the response shows that the plaintiff's pill claim was addressed by the medical department, but his claim about falling across the bed frame went

8

unanswered. Id. The is no evidence, however, that the plaintiff pursued this claim further. Accordingly, because the plaintiff failed to raise this claim in all three levels of the administrative process, the claim is due to be dismissed for the failure to exhaust.

The undersigned notes as well, that liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). With respect to his claim regarding the bed frame, the plaintiff has failed to show how either defendant Workman or defendant Kovscek was personally involved in this alleged violation of his constitutional rights. Accordingly, this claim is also without merit and should be dismissed with prejudice.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or for Summary Judgment (dckt. 44) be **GRANTED** and that the complaint be **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United

States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE